Dolma v. Holder

BIA
Nelson, IJ
A087 638 556

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fourteen.

PRESENT:
    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges*.
_____

WANGCHUK DOLMA,
        *Petitioner*,

    v.                              12-5121
                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Wangchuk Dolma, *Pro Se*, Woodside, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Regina Byrd, Attorney, Office of Immigration

**Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wangchuk Dolma, a native of Tibet and citizen of China, seeks review of a November 23, 2012 order of the BIA, affirming the August 23, 2011 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wangchuk Dolma*, No. A087 638 556 (B.I.A. Nov. 23, 2012), *aff'g* No. A087 638 556 (Immig. Ct. New York City Aug. 23, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications such as Dolma's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Initially, Dolma does not contest the agency's reliance on her inconsistent testimony about the date of her arrest, which the agency found went to the heart of her claim. She has therefore waived review of that determination in this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005).

The agency's adverse credibility determination was also reasonably based on Dolma's inconsistent testimony concerning the length of her detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Dolma initially testified that she was detained for about two months but later testified that she was detained for one month and 11 days. While Dolma

3

argues that her testimony was consistent, "support for a contrary inference—even one more plausible or more natural—does not suggest error," *Siewe v. Gonzalez*, 480 F.3d 160, 168 (2d Cir. 2007). We therefore defer to the agency's inconsistency finding.

The agency's adverse credibility determination was also properly based on the implausibility of Dolma's testimony that she knew almost nothing about her husband's pro-Tibet activities. Indeed, Dolma was unable to state what posters her husband had hung, who he had hung them with, whether he supported the Olympics being held in China, and whether he opposed China's occupation of Tibet. Although we have cautioned against implausibility findings that are based on flawed reasoning, *see e.g., Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005), it was reasonable for the agency to expect Dolma to know more about her husband's activities because they were the catalyst for her arrest, detention, and decision to leave China. *See Xiu Xia Lin*, 534 F.3d at 167.

The agency also reasonably relied on Dolma's hesitant demeanor in finding her not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Tu Lin v. Gonzales*, 446 F.3d

4

395, 400-01 (2d Cir. 2006) (emphasizing that because demeanor is "virtually always evaluated subjectively and intuitively," an IJ's assessment of an applicant's demeanor merits "great deference"). The IJ noted long pauses on the record when Dolma was questioned about her lack of knowledge of her husband's pro-Tibet activities and about the duration of her detention. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (observing that we may be more "more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony"). While Dolma takes issue with the IJ's characterization of her demeanor as hesitant, where, as here, the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe*, 480 F.3d at 168-69.

Based on the foregoing, we find that the agency's adverse credibility determination is supported by substantial evidence because it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The agency therefore did not err in denying asylum, withholding of removal, and CAT relief because all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d

5

148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk